# TRADEMARK ASSIGNMENT COVER SHEET

Electronic Version v1.1  
Stylesheet Version v1.2

ETAS ID: TM537701

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | ASSIGNMENT OF THE ENTIRE INTEREST AND THE GOODWILL |

## CONVEYING PARTY DATA

| Name | Formerly | Execution Date | Entity Type |
|---|---|---|---|
| RooR International BV | | 08/20/2019 | Corporation: NETHERLANDS |

## RECEIVING PARTY DATA

| Name: | Republic Technologies (NA), LLC |
|---|---|
| Street Address: | 2301 RAVINE WAY |
| City: | GLENVIEW |
| State/Country: | ILLINOIS |
| Postal Code: | 60025 |
| Entity Type: | Limited Liability Company: DELAWARE |

## PROPERTY NUMBERS Total: 3

| Property Type | Number | Word Mark |
|---|---|---|
| Registration Number: | 3675839 | ROOR |
| Registration Number: | 2307176 | ROOR |
| Registration Number: | 2235638 | ROOR |

## CORRESPONDENCE DATA

Fax Number: 3125774565

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*

| Phone: | 312-269-8000 |
|---|---|
| Email: | temanuelson@nge.com |
| Correspondent Name: | Antony J. McShane |
| Address Line 1: | 2 North LaSalle St., Suite 1700 |
| Address Line 2: | Neal, Gerber & Eisenberg LLP |
| Address Line 4: | Chicago, ILLINOIS 60602 |

| ATTORNEY DOCKET NUMBER: | 19126-0702roor |
|---|---|
| NAME OF SUBMITTER: | Antony J. McShane |
| SIGNATURE: | /Antony J. McShane/ |
| DATE SIGNED: | 08/22/2019 |

Total Attachments: 4  
source=Trademark Assignment Agreement 21#page1.tif  
source=Trademark Assignment Agreement 21#page2.tif

CH $90.00 3675839

source=Trademark Assignment Agreement 21#page3.tif
source=Trademark Assignment Agreement 21#page4.tif

## TRADEMARK ASSIGNMENT AGREEMENT

THIS TRADEMARK ASSIGNMENT AGREEMENT ("**Trademark Assignment**"), dated as of August 20, 2019 (the "**Effective Date**"), is made by RooR International BV ("**Assignor**"), a Netherlands corporation, in favor of Republic Technologies (NA), LLC ("**Assignee**"), a Delaware limited liability company, the purchaser of certain assets of Assignor pursuant to that certain Asset Purchase Agreement by and between Assignor and Assignee, dated as of August 20, 2019 (the "**Asset Purchase Agreement**").

WHEREAS, under the terms of the Asset Purchase Agreement, Assignor has sold, assigned, transferred and conveyed to Assignee, among other assets, certain intellectual property of Assignor, and has agreed to execute and deliver this Trademark Assignment;

NOW THEREFORE, Assignor agrees as follows:

1. <u>Assignment</u>. For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor hereby irrevocably sells, assigns, transfers and conveys to Assignee all of Assignor's right, title, and interest in and to the trademarks in the respective jurisdictions set forth on <u>Schedule 1</u> hereto (the "**Assigned Trademarks**"), together with the goodwill associated with or symbolized by the Assigned Trademarks, and specifically including:

    (a) all rights of any kind whatsoever of Assignor accruing under or with regard to any of the Assigned Trademarks provided by the applicable law (including by common law) of the United States of America;

    (b) the trademark registrations and trademark applications set forth on <u>Schedule 1</u> hereto and all issuances, extensions, and renewals thereof;

    (c) any and all royalties, fees, income, payments, and other proceeds now or hereafter due or payable with respect to any and all of the Assigned Trademarks; and

    (d) any and all claims and causes of action with respect to any of the foregoing, whether accruing before, on, or after the date hereof, including all rights to and claims for damages, restitution, and injunctive and other legal and equitable relief for past, present, and future infringement, dilution, misappropriation, violation, misuse, breach, or default, with the right but no obligation to sue for such legal and equitable relief and to collect, or otherwise recover, any such damages.

2. <u>Recordation</u>. Assignor hereby authorizes the recordal of this Trademark Assignment in any governmental office, record or registry deemed appropriate by Assignee.

3. <u>Further Actions</u>. Following the date hereof, upon Assignee's request, at Assignee's cost and expense, Assignor shall take such steps and actions, and provide such cooperation and assistance to Assignee and its successors, assigns, and legal representatives, including the execution and delivery of any affidavits, declarations, oaths, exhibits, assignments, powers of attorney, or other documents, as may be necessary or desirable to effect, evidence, or perfect the assignment of the Purchased Assets (as such term is defined in the Asset Purchase Agreement) and the Assigned Trademarks to Assignee, or any assignee or successor thereto. Assignor hereby

irrevocably authorizes and appoints any duly authorized officers of Assignee (including Sachin Lele, Olivier Partouche and Allan Kandelman) to execute now and in the future, on Assignor's behalf, all documents, assignments, authorizations of agents and further powers of attorney required to file, prosecute, maintain, protect, assign and record the assignment of any and all of Assignee's rights in and to the Purchased Assets and the Assigned Trademarks.

4. <u>Terms of the Asset Purchase Agreement</u>. The parties hereto acknowledge and agree that this Trademark Assignment is entered into pursuant to the Asset Purchase Agreement, to which reference is made for a further statement of the rights and obligations of Assignor and Assignee with respect to the Assigned Trademarks. The representations, warranties, covenants, agreements, and indemnities contained in the Asset Purchase Agreement shall not be superseded hereby but shall remain in full force and effect to the full extent provided therein. In the event of any conflict or inconsistency between the terms of the Asset Purchase Agreement and the terms hereof, the terms of the Asset Purchase Agreement shall govern.

5. <u>Counterparts</u>. This Trademark Assignment may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed one and the same agreement. A signed copy of this Trademark Assignment delivered by facsimile, e-mail, or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Trademark Assignment.

6. <u>Successors and Assigns</u>. This Trademark Assignment shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

7. <u>Governing Law</u>. This Trademark Assignment and any claim, controversy, dispute, or cause of action (whether in contract, tort, or otherwise) based upon, arising out of, or relating to this Trademark Assignment and the transactions contemplated hereby shall be governed by, and construed in accordance with, the laws of the United States and the State of Illinois, without giving effect to any choice or conflict of law provision or rule, whether of the State of Illinois or any other jurisdiction.

*[SIGNATURE PAGE FOLLOWS]*

IN WITNESS WHEREOF, Assignor has executed this Trademark Assignment as of the Effective Date.

RooR International BV

By: _____

Name: Martin Birzle

Title: Director

## Schedule 1

### Assigned Trademarks

| US Federal Q6 uf 2 | ROOR (Stylized) ROOR RN: 3675839 SN: 77653139 | Registered 8 & 15 September 1, 2009 Int'l Class: 34 First Use: October 10, 1996 Filed: January 21, 2009 |
|---|---|---|
| US Federal Q6 uf 3 | ROOR (Stylized) ROOR RN: 2307176 SN: 75514874 | Renewed January 11, 2010 Filed: July 7, 1998 Registered: January 11, 2000 |
| US Federal Q6 uf 4 | ROOR (Stylized) ROOR RN: 2235638 SN: 75241672 | Renewed March 30, 2019 Filed: February 13, 1997 Registered: March 30, 1999 |

4